**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John v. Dommisse, | No. CIV 06-368 TUC DCB (GEE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Janet Napolitano, in her individual capacity only; et al., | |
| Defendants. | |

Pending before the court is a motion to strike filed by the plaintiff on September 21, 2006.  [doc. # 25]  The defendants, Janet Napolitano, Sydney Westphal, Mark Nanney, Miriam Anand and P. Philip Scheerer, filed a response.  Dommisse filed a reply.

The plaintiff brings an action pursuant to 28 U.S.C. § 1983.  He claims his due process rights were violated when he was sanctioned by the Arizona Medical Board (the Board). Janet Napolitano is the Governor of the State of Arizona and appoints the members of the Board.  Scheerer and Nanney acted at various times as Chief Medical Consultant to the Board.  Westphal and Anand are physicians who provided consulting services to the Board.

Dommisse moves that this court strike the defendants' motion to dismiss because it was filed by the Arizona Attorney General and that office is not permitted to represent these defendants.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

Discussion

Dommisse argues this court must strike the defendants' motion to dismiss because it was filed by the Arizona Attorney General and that office has no legal authority to represent these individual defendants. He is incorrect.

The Arizona Department of Administration has implemented a program of self-insurance that provides liability coverage for

> [t]he state and its departments, agencies, boards and commissions and all officers, agents and employees thereof and such others as may be necessary to accomplish the functions or business of the state and its departments, agencies, boards and commissions against liability for acts or omissions of any nature while acting in authorized governmental or proprietary capacities and in the course and scope of employment or authorization . . . .

A.R.S. § 41-621(A)(3), (E); (Defendants' response, p. 2). The Arizona Attorney General is authorized to defend those individuals covered by the statute. A.R.S. § 41-621(M).

The defendants, Janet Napolitano, Sydney Westphal, Mark Nanney, Miriam Anand and P. Philip Scheerer, are covered by the statute because they are either officers, agents or employees of the state or its medical board. Accordingly, the Arizona Attorney General is authorized to represent them in the instant action.

Dommisse argues representation is only proper if the defendants acted "in authorized governmental or proprietary capacities and in the course and scope of employment or authorization." He asserts "[i]t is an undisputed fact" that the defendants did not so act. Dommisse is incorrect.

While Dommisse claims the defendants acted improperly, the defendants have not conceded this point. The nature and substance of the defendants' activities in connection with the Arizona Medical Board is still in dispute. Accordingly, the statute must apply (at least until it is determined that the defendants are not covered individuals).

1    Dommisse further argues the Arizona Attorney General may not represent the
2 defendants because they committed criminal acts pursuant to 18 U.S.C. § 241 and 242. The
3 instant action, however, is a civil action not a criminal action. Assuming arguendo the
4 attorney general may not represent an individual in a criminal action, this exception does not
5 apply here. Moreover, even if the defendants committed criminal acts, this fact alone does
6 not necessarily put them beyond the statute's coverage. *See, e.g., Arizona v. Schallock*, 189
7 Ariz. 250, 259, 941 P.2d 1275, 1283 (1997) (An act may be forbidden by the employer, done
8 in a forbidden manner or even consciously criminal and still be within the course and scope
9 of employment.). Accordingly,

11   IT IS ORDERED that the motion to strike filed by the plaintiff on September 21,
12 2006, is DENIED.  [doc. # 25]

13   DATED this 24th day of October, 2006.

*[signature]*
Glenda E. Edmonds
United States Magistrate Judge