**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John V. Dommisse,<br><br>    Plaintiff,<br><br>vs.<br><br>Janet Napolitano, in her individual capacity only; et al.,<br><br>    Defendant. | No. CIV 06-368 TUC DCB (GEE)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion to dismiss filed by the defendants, Janet Napolitano, Sydney Westphal, Mark Nanney, Miriam Anand, and P. Philip Scheerer (the Arizona defendants), on August 17, 2006. [doc. # 4]

Also pending is a motion to dismiss filed by the defendants, William Norcross, Peter Boal, and Joseph Scherger (the California defendants), on September 11, 2006. [doc. # 19]

The plaintiff brings an action pursuant to 42 U.S.C. § 1983-1988.  He claims his due process rights were violated when he was sanctioned by the Arizona Medical Board.

The Arizona defendants move that this court dismiss the action pursuant to FED.R.CIV.P. 12(b) because (1) the court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine, (2) the plaintiff failed to state a claim upon which relief can be granted against Janet Napolitano, and (3) service of process is insufficient.

1    The California defendants move to dismiss pursuant to FED.R.CIV.P. 12(b) and 12(e)
2 because (1) the defendants are not subject to personal jurisdiction in this court, (2) the court
3 lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine, (3) the defendants are
4 immune from suit under the federal common law litigation privilege, (4) the plaintiff's claims
5 are barred by collateral estoppel, (5) the Eleventh Amendment bars the complaint, and (6)
6 the defendants are not persons amenable to prosecution under section 1983. In the
7 alternative, the California defendants move for a more definite statement pursuant to
8 FED.R.CIV.P. 12(e).

9    The case was referred to Magistrate Judge Edmonds for all pretrial matters pursuant
10 to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of
11 Arizona.

12    On October 24, 2006, this court ordered the California defendants and Dommisse to
13 file supplemental briefs on the related issue of res judicata. *See McClain v. Apodaca*, 793
14 F.2d 1031, 1032 (9th Cir. 1986) (The court may raise the issue of res judicata sua sponte.)
15 In their supplemental brief, the California defendants argue res judicata bars the instant
16 action. Dommisse filed a response in opposition.

17    A hearing on the motions was held on January 9, 2007, before Magistrate Judge
18 Edmonds.

19

20    Factual and Procedural Background
21    The plaintiff, John V. Dommisse, is a physician licensed to practice medicine by the
22 Arizona Medical Board (the Board). [doc. # 4, Exhibit A., p. 2.] He has been practicing in
23 Tucson since 1994. *Id.*

24    Dommisse was originally educated in conventional allopathic medicine. *Id.* Since
25 that time, he has developed an interest in nutritional and metabolic medicine which he
26 describes as complementary to conventional allopathic medicine. *Id.*

27
28

- 2 -

1    In 1997, the Board received a complaint from one of Dommisse's patients. *Id.*, p. 3.
2 The Board conducted an investigation and issued a Stipulation and Order on May 15, 1998,
3 which required Dommisse to complete certain Continuing Medical Education courses. *Id.*
4    The Board subsequently received complaints from four other patients. *Id.* The Board
5 conducted an investigation of these complaints and Dommisse's alleged failure to comply
6 with the Board's previous order. *Id.* On January 14, 2003, the Board issued a Complaint and
7 Notice of Hearing. *Id.*
8    Administrative Law Judge Tully conducted an evidentiary hearing. *Id.* He found
9 Dommisse committed unprofessional conduct and recommended the Board revoke
10 Dommisse's license but stay the revocation on condition Dommisse successfully complete
11 five years of probation. *Id.* The Board issued a Decree of Censure and Probation. *Id.* The
12 Board reduced the sanction to public censure with five years of probation. *Id.*, p. 4. The
13 Decree of Censure required, among other things, that Dommisse undergo an independent
14 evaluation of his medical skills. *Id.*
15    Dommisse appealed to the Arizona Superior Court. *Id.*, p. 1. The Board's findings
16 were affirmed in part and reversed in part. *Id.*, pp. 1-12. The case was remanded to the
17 Board which issued an amended Decree of Censure and Probation. [doc. # 4, p. 2.]
18 Dommisse did not appeal the amended decree. *Id.*
19    Pursuant to the amended decree, Dommisse was evaluated by the Physician
20 Assessment and Clinical Education Program (PACE) at the University of California, San
21 Diego. [doc. # 19., p. 1]
22    On July 20, 2006, Dommisse filed the instant action in federal court. He claims the
23 defendants conspired to have him wrongly censured by the Board. (Complaint.) He claims
24 the Board's decision against him was secured in violation of his procedural due process
25 rights. *Id.* He further claims the defendants encouraged witnesses to submit false
26 accusations against him. *Id.* Fundamentally, he claims the Board members and consultants
27 are biased against him because they are practitioners of allopathic medicine and are
28 antagonistic toward his practice of nutritional medicine. *Id.*

1 Janet Napolitano is the Governor of the State of Arizona and appoints the members
2 of the Board. [doc. # 4, p. 3] Scheerer and Nanney acted at various times as Chief Medical
3 Consultant to the Board. *Id.* Westphal and Anand are physicians who provided consulting
4 services to the Board. *Id.* The California defendants, Norcross, Boal, and Scherger, are part
5 of the PACE program and are employed by the Regents of the University of California. *Id.*

7 <u>Standard: Failure to State a Claim Upon Which Relief Can be Granted</u>

8 A complaint may be dismissed for failure to state a claim upon which relief can be
9 granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support
10 of the claim which would entitle the plaintiff to relief." *Thompson v. Davis*, 295 F.3d 890,
11 895 (9th Cir. 2002), *cert. denied*, 538 U.S. 921 (2003). "[I]t may appear on the face of the
12 pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v.*
13 *Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by*, *Harlow v. Fitzgerald*,
14 457 U.S. 800 (1982). "The issue is not whether a plaintiff will ultimately prevail but whether
15 the claimant is entitled to offer evidence to support the claims." *Id.*

16 In considering the motion, "[a]ll allegations of material fact in the complaint are taken
17 as true and construed in the light most favorable to the plaintiff." *McGary v. City of*
18 *Portland,* 386 F.3d 1259, 1261 (9th Cir. 2004). "Conclusory allegations of law" and
19 "unwarranted inferences" are, however, insufficient to defeat the motion. *In re Verifone*
20 *Securities Litigation*, 11 F.3d 865, 868 (9th Cir. 1993).

22 <u>Discussion</u>

23 The court first considers the issue of res judicata addressed in the supplementary
24 briefs. This issue is dispositive of the entire action.

25 Federal courts must accord the same preclusive effect to a state administrative
26 decision that the state itself would apply. *University of Tennessee v. Elliott*, 478 U.S. 788,
27 798-99 (1986). Arizona law allows a party to an administrative determination to file an
28 appeal with the superior court. *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999);

- 4 -

A.R.S. § 12-902. Failure to do so makes the administrative decision final and res judicata. *Id.* "This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action not only upon facts actually litigated but also upon those points that might have been litigated." *Olson*, 188 F.3d at 1086. Under Arizona law, an unappealed administrative decision is "conclusively presumed to be just, reasonable and lawful." *Id.* "This principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal." *Id.*

In this case, Dommisse failed to appeal the final amended decree of the Board. This final decision is now a res judicata and may not be challenged even in a separate action in federal court. *Olson*, 188 F.3d at 1086. The constitutional issues Dommisse advances in the instant action could have been brought before the Board or on appeal before the state court. *Id.*; *See, e.g., Webb v. State ex rel. Arizona Bd. of Medical Examiners*, 202 Ariz. 555, 48 P.3d 505 (App. 2002) (raising procedural and substantive due process issues). Dommisse failed to do so and is precluded from litigating them now. The instant action is barred by res judicata. *See Olson v. Morris*, 188 F.3d 1083 (9th Cir. 1999) (Res judicata barred section 1983 action against members of the Arizona Board of Psychologist Examiners in their individual and official capacities.).

In his supplemental response, Dommisse argues the doctrine of res judicata does not apply to claims of discrimination citing *Hawkins v. State of Arizona*, 183 Ariz. 100, 900 P.2d 1236 (App. 1995). In *Hawkins*, the Arizona Court of Appeals held that the doctrines of res judicata and collateral estoppel do not apply to discrimination claims brought pursuant to the Arizona Civil Rights Act (ACRA). *Id.* The application of these doctrines would be inconsistent with the intent and purpose of the ACRA. *Id.* Dommisse, however, has not brought a claim pursuant to the ACRA. *Hawkins* does not apply.

In the interest of completeness, the remaining grounds for dismissal will now be addressed.

All defendants argue this case must be dismissed pursuant to the *Rooker-Feldman* doctrine. Under this doctrine, lower federal courts lack subject matter jurisdiction to review

- 5 -

1  state court decisions. *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 606-07
2  (9th Cir. 2005). In addition, they lack jurisdiction to review any claim brought in federal
3  court which is "inextricably intertwined" with a state court decision. *District of Columbia*
4  *Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). The United States Supreme
5  Court is the only federal court permitted to review a state court judgment. *Mothershed*, 410
6  F.3d at 606.

7  In the instant case, Dommisse argues the Board denied him procedural due process
8  in a number of ways. It failed to comply with the Privacy Act, failed to provide rules and
9  regulations, failed to provide discovery, etc. Further, he argues the Board members acted
10 under a conflict of interest because they are all practitioners of allopathic medicine and he
11 practices nutritional medicine. This court lacks jurisdiction over all of these claims under
12 the *Rooker-Feldman* doctrine. If this court were to find the Board denied Dommisse
13 procedural due process, this court would be implicitly overruling the Superior Court's
14 judgment upholding in part the decision of the Board. *Rooker-Feldman* forbids this. *See*
15 *Mothershed*, 410 F.3d at 607.

16 The *Rooker-Feldman* doctrine, however, does not dispose of Dommisse's claim that
17 the defendants encouraged witnesses to give false testimony to the Board. This claim does
18 not implicate the decision of the state court. *See, e.g, Kougasian v. TMSL, Inc.*, 359 F.3d
19 1136, 1140-41(9th Cir. 2004) (*Rooker-Feldman* does not apply to claim of extrinsic fraud.).

20 Under the *Rooker-Feldman* doctrine, this court is without jurisdiction to review
21 Dommisse's procedural due process claims. They should be dismissed.

22 The Arizona defendants further argue the case should be dismissed for insufficient
23 service of process. This argument now moot. Dommisse filed proof of service against all
24 defendants shortly after the Arizona defendants filed their motion to dismiss. [doc. ## 11-18]

25 Discussion of the remaining issues is problematic because the complaint is vague
26 when it comes to specifying the activities of the individual defendants. For the most part, the
27 complaint makes general, conclusory accusations about the activities of "the defendants" as
28 a whole.

1  The Arizona defendants argue Dommisse fails to state a viable claim against Janet
2  Napolitano in her individual capacity. Dommisse mentions Janet Napolitano, by name, only
3  once stating that she heads the Board. This single mention is insufficient to state a claim
4  against her. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir 1998), *cert. denied*, 525
5  U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an
6  individual was personally involved in the deprivation of his civil rights."). However, if
7  Dommisse believes she suborned perjury or conspired against him, then the complaint might
8  be amended to state a viable claim against her.

9  The California defendants' motion to dismiss based on personal jurisdiction is difficult
10 to analyze because it is not clear what Dommisse claims the California defendants did to
11 violate his due process rights. If they simply evaluated Dommisse and presented their
12 findings to the Board, personal jurisdiction in Arizona is problematic. If, on the other hand,
13 Dommisse believes they conspired with the Arizona defendants to harass Dommisse because
14 he practices nutritional medicine, the complaint might be amended in a way that would
15 support personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797,
16 803 (9th Cir 2004) ("Under Calder, the 'effects' test requires that the defendant allegedly have
17 (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that
18 the defendant knows is likely to be suffered in the forum state.").

19 The California defendants further argue they are immune from suit due to the
20 litigation privilege citing generally *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983). This
21 privilege might apply if Dommisse claims he was harmed only by the report they submitted
22 to the Board. If he believes they conspired with Board members to harm him because he
23 practices nutritional medicine, the complaint might be amended to avoid this defense.

24 The California defendants also argue they are immune from suit because they are
25 being sued in their official capacity. An official capacity suit, they argue, is a suit against the
26 state which is precluded by the 11th Amendment. Moreover, a suit against the state is not a
27 suit against a "person" as required by the terms of § 1983. Dommisse, however, explicitly
28

1 states the California defendants are being sued in their individual capacities, not their official
2 capacities. These argument, therefore, are inapposite.

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the motion to dismiss filed by the defendants, William Norcross, Peter Boal, and Joseph Scherger (the California defendants), on September 11, 2006. [doc. # 19] The action is barred by res judicata.

The motion to dismiss filed by the defendants, Janet Napolitano, Sydney Westphal, Mark Nanney, Miriam Anand and P. Philip Scheerer (the Arizona defendants), on August 17, 2006, should be DENIED as MOOT. [doc. # 4]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc).

The Clerk is directed to send a copy of this report and recommendation to all parties.

DATED this 19th day of January, 2007.

*/s/ Glenda E. Edmonds*
Glenda E. Edmonds
United States Magistrate Judge