WO

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |
|---|---|
| John V. Dommisse,<br><br>        Plaintiff,<br><br>v.<br><br>Janet Napolitano, in her individual capacity only; et al.,<br><br>        Defendants, | CV 06-368 TUC DCB<br><br>**O R D E R** |

This Court finds that the Magistrate Judge's Report and Recommendation properly sets out and applies the relevant law for determining the pending motions. The Report and Recommendation is adopted as part of the Opinion of the Court. The motions to dismiss are granted.

On July 20, 2006, the Plaintiff filed his Complaint, and this case was referred to Magistrate Judge Glenda E. Edmonds for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice of the United States District Court for the District of Arizona (Local Rules).

The Defendants filed motions to dismiss. Both argued that under the *Rooker*[1]-*Feldman*[2] doctrine, this Court lacks subject matter jurisdiction over this action. In the event this Court finds jurisdiction, Defendants made other arguments for dismissing the case. Magistrate Judge

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Edmonds heard evidence and argument on January 9, 2007. She filed her Report and Recommendation on January 22, 2007, recommending that this Court grant the California Defendants' Motion to Dismiss because claims against them are barred by res judicata. She recommends that this Court find the motion to dismiss filed by the Arizona Defendants is moot because the court lacks jurisdiction to hear the case.

Pursuant to 28 U.S.C. § 636(b), the Plaintiff and the Arizona Defendants filed objections to the Report and Recommendation. The California Defendants have not filed any objection. The matters are fully briefed.

This Court's ruling is a *de novo* determination as to those portions of the Report and Recommendation to which there are objections. 28 U.S.C. § 636(b)(1)(C). To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

**STATEMENT OF THE CASE**

Plaintiff sues the Arizona Defendants, members of the Arizona Medical Board (the Board). He sues the California Defendants, consultants with a Physician Assessment and Clinical Education Program (PACE). He sues the Defendants individually, but his factual allegations supporting his claims derive from activities and conduct undertaken as members of the Board and consultants with PACE. He alleges that the Defendants conspired to have him censured by the Board and to secure the Board's decision against him in violation of his constitutional procedural due process and equal protection rights. (Report & Recommendation at 3 (citing Complaint)). "Fundamentally, he claims that Board members and consultants are biased against him because they are practitioners of allopathic medicine and are antagonistic toward his practice of nutritional medicine." *Id.* "He further claims that Defendants encouraged witnesses to submit false accusations against him." *Id.*

Plaintiff is a physician licensed to practice allopathic medicine in Arizona since 1994. He was originally educated in conventional allopathic medicine, but over the years he has developed an interest and practice in nutritional and metabolic medicine. On September 15, 2003, after an investigation and full hearing, the Board published Findings of Fact, Conclusions of Law and Order of Decree of Censure and Probation, which concluded that Plaintiff had committed unprofessional conduct. The Decree of Censure was a public sanction and five years probation with numerous conditions, such as: taking continuing medical education (CME) courses, having independent evaluation of his medical skills (PACE), and submitting to periodic Board reviews of his on-going medical records.

Plaintiff appealed the Decree of Censure to the Superior Court of Arizona, which on September 26, 2005, affirmed the Board's findings and conditions of censure, with one caveat not relevant here. Plaintiff did not appeal the Superior Court ruling, and on January 17, 2006, the Board issued the Amended Findings of Fact, Conclusions of Law and Order for Decree of Censure and Probation. Plaintiff did not appeal the amended decree. Instead, he filed this action on July 20, 2006. Both the Arizona and California Defendants responded with motions to dismiss.

Magistrate Judge Edmonds found that the *Rooker-Feldman* doctrine divests this Court of jurisdiction over all of Plaintiff's claims, including his constitutional claims, except for any claims of extrinsic fraud. She also found that Plaintiff is precluded, *res judicata*, from bringing his claims here because he failed to appeal the amended decree issued by the Board on January 17, 2006. (Report and Recommendation at 4-8.) He also failed to present them in his appeal, except that he raised the constitutional issues of due process and equal protection in his appellate reply brief. The state appellate court found that arguments raised for the first time in reply are waived, but regardless rejected his constitutional claims because under *Web v. Arizona Board of Medical* Examiners, 48 P.3d 505 (Ariz. App. 2002), the proceedings comply with these constitutional requirements. (Rule 12 Motion by Napolitano, Westphal, . . . , Ex. A: Ruling by Superior Court of Arizona, Maricopa County, filed 9/28/05, at 11-12.)

/////

**PLAINTIFF'S OBJECTIONS**

Plaintiff objects to dismissal of this action based on *res judicata* because the parties to this action are not named individually and are, therefore, not the same as those who acted in their official state capacities in the state court proceedings. The California Defendants were not parties in the state actions. Plaintiff argues that the state proceedings did not address the claims raised here, especially his constitutional claim, and 42 U.S.C. § 1983 does not require exhaustion of state court remedies. Plaintiff argues that the Defendants bad faith, harassment and discrimination in the state court proceedings prevented him from presenting the claims made here in the state courts. Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because he alleges extrinsic fraud, and because he does not challenge the findings or decrees of the state courts nor attempt to reverse any ruling or order issued in the state proceedings. Instead, he sues the members of the Board and PACE individually for monetary damages.

**ARIZONA DEFENDANTS' OBJECTIONS**

The Arizona Defendants point out that the Magistrate Judge held the issue of *res judicata* was dispositive of the entire action (Objection at 2 (citing Report and Recommendation at 4, ln. 24)), because all the issues raised by Plaintiff in his present lawsuit could have been raised in the previous litigation, including the constitutional issues advanced here, *id.* at 4-5. Having held them barred by *res judicata*, Defendants argue that their Motion to Dismiss should, therefore, be granted. The Arizona Defendants object to her recommendation to deny it as moot.

**DISCUSSION**

The Magistrate Judge recommended granting the California Defendants' Motion to Dismiss and denying the Arizona Defendants' Motion to Dismiss as moot. This is a distinction without a difference because the Court lacks subject matter jurisdiction over the Plaintiff's claims under the *Rooker-Feldman* doctrine, and the Complaint cannot be amended to state a claim that is not barred by *res judicata*. For reasons explained in this Order, this Court shall grant the Defendants' motions to dismiss.

The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). *Rooker* and *Feldman* addressed 28 U.S.C. § 1257, wherein Congress vested appellate jurisdiction over state-court judgments in the Supreme Court of the United States, thereby precluding a federal district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate. *Rooker-Feldman* does not override or supplant preclusion doctrines of comity and abstention, such as collateral estoppel and *res judicata*. Preclusion is not a jurisdictional matter. *Id.* at 291-93.

Petitioner does not come to this Court asking it to reverse the Board's Decree of Censure. Without any doubt, under the *Rooker-Feldman* doctrine, this Court would lack subject matter jurisdiction over such a case.

Instead, Plaintiff complains that the Defendants[3] conspired to deny him his due process and equal protection rights to peer review by subjecting him to standards of care applicable to practitioners of allopathic medicine instead of naturopathic medicine. He charges that the Defendants encouraged witnesses to falsely accuse him and discriminated against him because he is a nutritionist. Plaintiff asks for monetary damages resulting from the Board's censure, such as loss of business and damage to his reputation. He seeks punitive damages for the alleged violations of his constitutional rights, pursuant to 42 U.S.C. § 1983.

In *Feldman*, plaintiffs filed petitions asking for waivers of an admission rule that required applicants to have graduated from a law school approved by the American Bar Association (ABA). The state court denied the petitions. Plaintiffs filed a complaint in district court challenging the denials and also challenging the constitutionality of the bar admission rule. The Supreme Court held that the district courts have no jurisdiction over a challenge to a

---

[3]The Court's discussion does not distinguish between the Arizona and California Defendants because the factual allegations in Plaintiff's Complaint supporting his claims are indistinguishable as to Defendants.

- 5 -

judicial proceeding, including individual claims of constitutional violations because 28 U.S.C. § 1257 vests such jurisdiction in the Supreme Court of the United States.

For jurisdiction to survive in the district court, a claim must be a "general" constitutional attack on a disciplinary scheme and its rules and regulations, and not a challenge to the constitutionality of practices as applied to a plaintiff. *See e.g., Musslewhite*, 32 F.3d at 946 (explaining the *Rooker-Feldman* analysis). Even "a general constitutional attack that is nonetheless 'inextricably intertwined' with a state court judgment of reprimand cannot be properly heard in federal [district] court." *Feldman*, 460 U.S. at 483 n. 16. Moreover, the *Rooker-Feldman* doctrine prevents the district courts from exercising jurisdiction over claims that were not presented to the state court, if they could have been raised but were not. *Musslewhite v. State Bar of Texas*, 32 F.3d 942, 946 n. 15 (5th Cir. 1994) (*relying on Feldman*, 460 U.S. at 483 n. 16.)

As directed by *Feldman,* this Court scrutinizes the Plaintiff's Complaint to discern the nature of Plaintiff's claims. This is not a facially neutral challenge to some rule or regulation over which this Court could exercise its jurisdiction. Here, the Plaintiff makes summary assertions of general constitutional violations, but he does not challenge any rule, code of conduct, or practice or procedure. Each allegation is particular to his disciplinary case.[4] As to these claims, his only recourse was by writ of certiorari to the United States Supreme Court pursuant to 28 U.S.C. § 1257.

As noted above, the district court could hear allegations that involve a general attack on the constitutionality of a rule, practice, or procedure. For example, in *Feldman*, the respondents claimed the bar rule was unconstitutional because it created an irrebuttable presumption that only graduates of accredited law schools are fit to practice law, discriminated against those who have obtained equivalent legal training by other means, and impermissibly delegated the District of Columbia Court of Appeals' power to regulate the bar to the American Bar Association. The Supreme Court explained that these claims did not require review of a judicial decision in a

---

[4]His alleged damages result from the Defendants' investigating, hearing, deciding, and issuing the Decree of Censure and Probation.

particular case. The district court, therefore, had subject matter jurisdiction over these elements of the respondents' complaints. The Supreme Court remanded the case expressly refusing to reach the question of whether the doctrine of *res judicata* would foreclose district court litigation. *Feldman*, 460 U.S. at 482-88. In other words, if Plaintiff's Complaint is not dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, it may still be subject to dismissal because it is barred by *res judicata*.

Because Plaintiff's Complaint is subject to dismissal under *Rooker-Feldman* unless he states a general constitutional violation, the Magistrate Judge construed the Complaint as so amended. She also noted that the *Rooker-Feldman* doctrine does not dispose of Plaintiff's claim that Defendants encouraged witnesses to falsely accuse him and to give false testimony to the Board. (Report and Recommendation at 6.)  Assuming the Plaintiff could state a claim over which this Court could exercise its jurisdiction, the Magistrate Judge made findings on the issue of *res judicata*. *Id.* at 6-7 (discussing ways the complaint might be amended to state claims against Napolitano and the California Defendants).

The Magistrate Judge's assumption and corresponding construction of the Complaint is appropriate because the Plaintiff is *pro se*, which entitles him to an explanation of the deficiencies of his claims and leave to amend the Complaint to state a claim. *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Lopez v. Smith*, 203 F.3d 1122, 1129-1131 (9th Cir. 2000). However, there is no reason to allow an amendment where it is clear that no amendment can cure the defect. *Id.* Rather than grant the Plaintiff's motions to dismiss with leave to amend, and then after the amendment consider the issue of *res judicata*, this issue must be considered now.

The Court assumes that the Plaintiff's Complaint makes a general constitutional challenge over which this Court would have jurisdiction, such as: It is a violation of due process and equal protection rights to peer review to apply the standard of care for allopathic medicine to doctors who, under the auspices of an allopathic medical license, practice nutritional and

metabolic medicine. Such a claim would not be particular to Plaintiff's disciplinary case and would not be subject to dismissal under the *Rooker-Feldman* doctrine.[5]

This Court agrees with the Magistrate Judge that such a constitutional claim would be barred by *res judicata*. Claims of extrinsic fraud would also be barred by *res judicata*.

"Under the doctrine of *res judicata*, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999) (citing *Gilbert v. Board of Medical Examiners of the State of Arizona,* 155 Ariz. 169, 174, 745 P.2d 617 (1987)). "This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action, not only upon facts actually litigated but also upon those points that might have been litigated." *Id.; see also Hawkins v. Dept. Economic Security*, 900 P.2d 1236, 1239 (1995).

Plaintiff made an untimely presentation of his constitutional claims of due process and equal protection in his appellate reply brief in the Superior Court of Arizona. Plaintiff claims that the Defendants harassed him, acted in bad faith, and discriminated against him because he was a nutritionist and they were allopathic medical practitioners. Except for his claim that Defendants consequently applied the unfair allopathic medicine standard of care in his case, the only other specific fact alleged by the Plaintiff to support his claims is that Defendants encouraged witnesses to falsely accuse him. Like the facts alleged to support his constitutional claims, his factual allegations of extrinsic fraud were apparent within the context of the state proceeding and, therefore, could have been litigated in the state courts.

---

[5] Compare to the charges in Plaintiff's Complaint that he has been deprived of his constitutional rights because of the standard of care applied in his case. "Practitioners of allopathic medicine are licensed and regulated by [the Arizona Medical Board] while practitioners of naturopathic medicine are licensed and regulated by the Naturopathic Physicians Board of Medical Examiners. Plaintiff practices nutritional and metabolic medicine under the auspices of his allopathic medical license issued by Defendant and is therefore subject to the rules, regulations, standards, and authority of Defendant." (Rule 12 Motion by Napolitano, Westphal, . . . , Ex. A: Ruling by Superior Court of Arizona, Maricopa County, filed 9/28/05, at 3.)

The Magistrate Judge correctly found that federal courts must accord the same preclusive effect to a state administrative decision that the state itself would apply. *Id.* at 4 (citing *University of Tennessee v. Elliott*, 478 U.S. 788, 798-99 (1986). Looking to Arizona law, the Ninth Circuit Court of Appeals held that a party to an administrative determination may file an appeal with the superior court. *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999); A.R.S. § 12-902. "Failure to do so makes the administrative decision final and res judicata." *Id.* at 5 (citing *Olson*, 188 F.3d at 1086. "'This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action not only upon facts actually litigated but also upon those points that might have been litigated.'" *Id.* "Under Arizona law, an unappealed administrative decision is 'conclusively presumed to be just, reasonable and lawful.'" *Id.* "'This principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal.'" *Id.*

As the Magistrate Judge pointed out: "Dommisse failed to appeal the final amended decree of the Board. This final decision is now a res judicata and may not be challenged even in a separate action in federal court. The constitutional issues[6] Dommisse advances in the instant action could have been brought before the Board or on appeal before the state court. Dommisse failed to do so and is precluded from litigating them now. The instant action is barred by res judicata." *Id.* This is equally true for Plaintiff's claims of extrinsic fraud because he could have raised and resolved them in the state proceeding.

After *de novo* review of the issues raised in the parties' objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her Report and Recommendation for determining the pending motions. The Court finds that any

---

[6] Civil rights cases involving race, gender, and national origin discrimination are not applicable here. Practitioners of nutritional and metabolic medicine are not protected classes of individuals. *See Lara v. City of Chicago*, 968 F.Supp. 1278, 1289 (Ill.1997) (citing *Huebschen v. Dept. of Health and Social Services* 716 F.2d 1167, 1171 (7th Cir.1983) (explaining that a person bringing an action under the Equal Protection Clause must show intentional discrimination against him by a state governmental entity because of his membership in a protected class, not merely because he was treated unfairly as an individual); *see also, Personnel Adm. of Massachusetts v. Feeney*, 442 U.S. 256, 273 (1979) (discussing why classifications based on gender, like those based upon race, are recognized protected classes).

claims not subject to dismissal under the *Rooker-Feldman* doctrine for lack of jurisdiction are precluded under the doctrine of *res judicata*. Additionally, for all the alternative reasons stated in the Defendants' motions to dismiss, this case is subject to dismissal for failure to state a claim. Normally, a *pro se* litigant should be given an opportunity to amend the complaint to overcome a deficiency unless it is clear that no amendment can cure the defect. *See eg., Potter*, 433 F.2d at1088; *Noll*, 809 F.2d at 1448; *Lopez*, 203 F.3d at 1129-1131. Because of *res judicata*, this is a case where no amendment can cure the defects. The Court shall, therefore, dismiss the Complaint without leave to amend it.

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation (document 46) is adopted as part of the Opinion of the Court.

**IT IS ORDERED** that the Motion to Dismiss (document 19) filed by the California Defendants is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (document 4) filed by the Arizona Defendants is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 14th day of February, 2007.

David C. Bury
United States District Judge

- 10 -